STATE OF NORTH CAROLINA v. CHARLES ALPHONSE JACKSON

No. 7110SC577

(Filed 20 October 1971)

Criminal Law § 75— confession by indigent defendant — absence of counsel — written waiver of counsel

A defendant's in-custody confession in the absence of counsel is inadmissible where the defendant was indigent and had not signed a written waiver of counsel. G.S. 7A-451.

APPEAL by defendant from *Brewer, Judge,* at the 3 March 1971 Regular Criminal Session of WAKE County Superior Court.

Defendant was charged in a bill of indictment with the crime of felonious breaking and entering and felonious larceny.

The State's evidence tended to show that on the morning of 18 February 1971 at 12:57 a.m. Officers D. L. Gupton and F. L. Benson of the Raleigh Police Department responded to a burglar alarm call from Thorne's Hardware. When they arrived at the hardware store, a man jumped off the roof and ran. The officers gave chase and apprehended Charles Alphonse Jackson, the defendant.

The defendant was taken to the police station and informed of his right to remain silent and his right to counsel. He was then questioned and, according to testimony by the police officers, signed a written confession. He was then taken to a hospital and treated for injuries received when he was apprehended.

The following morning the defendant was questioned by Officer Heath of the Raleigh Police Department and made a verbal confession.

On 19 February 1971 the defendant was found to be an indigent and counsel was appointed to represent him.

At trial the defendant objected to admission of evidence of his confessions. The judge conducted a *voir dire* examination and found that the statement signed by the defendant and the verbal confession made to Officer Heath were made understandingly and voluntarily and were therefore competent and admissible.

The jury returned a verdict of guilty on both counts and a prison sentence was invoked.

From the verdict and judgment, the defendant appeals.

*Attorney General Robert Morgan by Associate Attorney General James E. Magner for the State.*

*Sanford, Cannon, Adams & McCullough by John H. Parker for defendant appellant.*

CAMPBELL, Judge.

The defendant, appellant has raised the issue of the admissibility of the confessions.

The right of an indigent defendant, charged with a crime for which the punishment exceeds six months' imprisonment or a five hundred dollar fine, to representation by counsel is established by statute in North Carolina. G.S. 7A-451. The entitlement to counsel begins as soon as possible after the defendant is taken into custody and continues through any critical stage of the proceeding including an in-custody interrogation. G.S. 7A-451. The indigent defendant may waive his right to counsel, but such a waiver must be in writing. G.S. 7A-457.

The North Carolina Supreme Court in the case of *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971), has ruled on the admissibility of confessions obtained without a waiver of counsel in writing. The court pointed out that the North Carolina statutory requirement that the waiver be in writing is more stringent than the rule in the Federal Courts. The court also distinguished confessions which are voluntarily offered by the defendant as compared to those confessions which result from in-custody interrogation. In the instant case the record discloses that the confessions here involved resulted from in-custody interrogations. The defendant, not having waived his right to counsel in writing, the confession obtained was clearly inadmissible under the rule set forth in *Lynch, supra.* The able trial judge conducted a full and complete *voir dire* examination, and his findings were fully supported by the evidence. This case was tried before the *Lynch* decision was published. Nevertheless, the admission of the confession was error, since there

was no finding that the defendant was not an indigent and the waiver of counsel was not in writing.

New trial.

Chief Judge MALLARD and Judge HEDRICK concur.