STATE OF NORTH CAROLINA v. JOHN "BUD" OUTEN

No. 7120SC636

(Filed 15 December 1971)

Criminal Law § 75— in-custody statements — written waiver of counsel — findings on indigency

The trial court erred in admitting defendant's in-custody confession made on 23 October 1970 in the absence of counsel without making findings as to whether defendant was an indigent at the time of his interrogation, and if indigent, whether defendant signed a written waiver of counsel.

APPEAL by defendant from *Thornburg, Judge,* 10 May 1971 Session of Superior Court held in UNION County.

Defendant was charged in a bill of indictment with the murder of Chester Strawn. The jury returned a verdict of guilty of voluntary manslaughter and judgment of confinement for a period of not less than six nor more than eight years was entered. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Eatman, for the State.*

*James E. Griffin for the defendant.*

BROCK, Judge.

Defendant was arrested by the Sheriff of Union County on 23 October 1970. He was given the full Miranda warnings and he stated that he understood his rights. He confessed fully and this confession was admitted in evidence at his trial.

Before admitting defendant's confession in evidence, the trial judge properly conducted a *voir dire,* and, based upon competent evidence, made findings of fact and appropriately concluded that the confession was freely, understandingly, and voluntarily given. However, there was no evidence and no finding of facts with respect to defendant's indigency at the time of the interrogation, and there was no evidence or finding relative to whether, if indigent, defendant signed a written waiver of counsel.

This case was tried before the opinion in *State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (filed 10 June 1971) ; even so, the rule enunciated therein is applicable. On the authority of *State*

*v. Lynch, supra,* and *State v. Jackson,* 12 N.C. App. 566, 183 S.E. 2d 812, defendant is entitled to a new trial.

New trial.

Judges BRITT and VAUGHN concur.